An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PARK WEST COMPANIES INC., A
NEVADA CORPORATION,
Appellant,
vs.
AMAZON CONSTRUCTION
CORPORATION, A NEVADA
CORPORATION,
Respondent.

No. 57905

FILED

SEP 12 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court summary judgment in a contract action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant Park West Companies, Inc., and respondent Amazon Construction Corporation entered into a verbal agreement whereby Park West would purchase Amazon. The companies agreed to a 50/50 split of the net profits from nine uncompleted Amazon landscaping projects, after deducting job costs and administrative fees for each project. An accounting dispute arose between the companies as to whether Park West properly allocated the profits from each of the uncompleted projects, and the parties filed complaints against each other in district court.

During a settlement conference, the companies agreed to the appointment of an independent auditor to conduct a construction audit. Although a settlement process based on the audit was discussed on the record during a district court proceeding following the settlement conference, no settlement was ever reduced to a written agreement or order. DCR 16. An independent auditor was appointed, and he performed the construction audit. After the auditor issued a report with his findings, Park West contested their validity. Amazon then moved to enforce the

13-26986

settlement process negotiated by the parties, and the district court held that the auditor's findings were binding on the parties. Subsequently, Amazon moved for summary judgment based on the binding nature of those findings, which the district court granted. Park West now appeals. The parties are familiar with the facts, so we do not recount them further except as pertinent to our disposition.

This court reviews "a district court order granting summary judgment de novo. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. . . . [T]his court views the record in the light most favorable to the nonmoving party." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 127 Nev. ___, ___, 255 P.3d 238, 242-43 (2011) (citations and internal quotations omitted).

We conclude that summary judgment is not appropriate in this matter for two reasons. First, the district court erred when it determined that the auditor's findings were binding on the parties. The district court reasoned that the parties' consent to be bound by the auditor's findings was analogous to an agreement to submit to binding arbitration; thus, it found that the auditor's findings were automatically binding on Park West and Amazon. However, the settlement process negotiated by the parties did not include an express agreement to arbitrate and did not designate the auditor as an arbitrator. *See* NRS 38.209 (defining "[a]rbitrator" as "an individual appointed to render an award, alone or with others, in a controversy that is subject to an agreement to arbitrate"). Therefore, we conclude that the parties did not agree to be bound by the auditor's findings as if the findings were those of an arbitrator.

Second, genuine issues of material fact remain as to the proper scope of the audit, including the proper accounting method to be used and whether all material terms of an enforceable settlement agreement were reached. Although Amazon argues that the parties stipulated to a valid settlement process, this court has held that "[t]o be valid, a stipulation requires mutual assent to its terms and either a signed writing by the party against whom the stipulation is offered or an entry into the court minutes in the form of an order." *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1118, 197 P.3d 1032, 1042 (2008). Furthermore, in Nevada, "a court cannot compel compliance [with a settlement agreement] when [the] material terms remain uncertain." *May v. Anderson,* 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005).

The record reflects that at a hearing before the district court, Park West and Amazon did recite a settlement process, but that process was never reduced to a signed writing or order. Further, although the parties agreed to the appointment of an independent auditor, the negotiated settlement process included only a general accounting structure for the allocation of job costs, overhead costs, and profits. It did not indicate whether particular expense items, such as payroll costs, fell under the category of job costs or overhead costs, nor did it indicate whether the parties intended for the auditor to use a particular accounting method. Therefore, summary judgment is not appropriate because factual issues remain as to the scope of the construction audit, including the accounting methodology the auditor was to utilize, and whether, as a result of the uncertainty of the scope of the audit, there was mutual assent to all material terms of the settlement process.

Accordingly, we reverse the district court's summary judgment and remand this matter to the district court for it to determine whether an enforceable settlement agreement was reached, and, if so, to determine the proper scope of the construction audit, including the accounting methodology to be utilized by the auditor.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Mark R. Denton, District Judge
Robert F. Saint-Aubin, Settlement Judge
Lionel Sawyer & Collins/Las Vegas
Pezzillo Lloyd
Gordon & Rees, LLP
Eighth District Court Clerk